730 So.2d 329 (1999)
Frank BUSCEMI, J.D., Appellant,
v.
Pranee INTACHAI, f/k/a Pranee Sheerajin, individually, and as legal guardian of Chantranee Sheerajin, Appellee.
Nos. 97-03920, 97-05412.
District Court of Appeal of Florida, Second District.
March 3, 1999.
Rehearing Denied April 27, 1999.
Frank M. Buscemi, pro se.
S. Grant Halliday, Tampa, for Appellant.
CAMPBELL, Acting Chief Judge.
Appellant, Frank M. Buscemi, challenges the final judgment ordering him to pay appellee, *330 Pranee Intachai, $675,000 in compensatory damages for his negligence in advising appellee on matters relating to her marriage dissolution. We affirm.
Appellant Buscemi is a financial planner who has a legal education but is not licensed to practice law. As a financial planner, appellant had initially advised appellee regarding investment of appellee's incompetent daughter's guardianship funds.
Appellee Intachi's complaint alleged that appellant, in the course and scope of his professional relationship with appellee and appellee's husband, as their financial and investment advisor, advised and counseled both of them that it would be in their and their daughter's best interests to dissolve their marriage. Appellee further alleged that in the course and scope of appellant's relationship with appellee as a financial investment counselor, appellant advised appellee that he was well qualified to counsel and advise her in obtaining a dissolution of marriage. She also alleged that appellant provided her with the documents used in the dissolution proceeding and gave her advice in regard to completing and filing those documents for the purpose of obtaining a divorce. Appellee further alleged that appellant advised appellee (in the dissolution proceedings) to enter into a stipulation with appellee's husband regarding distribution of their properties but failed to advise her or provide in the stipulation for alimony and/or child support. Appellee alleged that she relied upon appellant's representations and advice to her financial detriment resulting in her failure to obtain alimony or child support.
This matter was tried by jury. The jury found that there was negligence on the part of appellant resulting in financial damages to appellee in the amount of $675,000. The evidence adduced at trial supports the jury verdict. Specifically, appellant testified that he informed appellee that he could and had assisted people with their divorces and that in doing so he "would comply with the Supreme Court of Florida rules and regulations." Appellee testified that she knew appellant was "doing" divorces and that appellant told her that he had the necessary experience and that she should not use a lawyer because "they take advantage of you." Based upon her knowledge of appellant and his representations, appellee testified she believed him and relied upon him as "capable of doing my divorce." He told her, "[i]t's simple and he [appellant] charges a cheaper fee" than a lawyer. When asked specifically why she allowed appellant to help her obtain a divorce, appellee replied:
[b]ecause he told me that he can handle it and why use lawyer and I trust him. Number one, he's graduate from law school. Number two, he's a financial advisor. For me, he's a top notch so I believe him.
I trust him and since he charge two hundred, I think that's reasonable and he said it's easy to get divorce, so I expect him to take care of everything.
Appellant raises numerous issues in this appeal, but the primary thrusts of his appeal are two. He first argues that, as a nonlawyer, he cannot be held liable for a failure to give proper legal advice and counsel. Appellant overlooks the fact that whether a lawyer or not, if he undertakes to give legal advice, he is subject to a standard of due care. When anyone undertakes to do a particular act for another, the act undertaken must be done with reasonable care so as not to injure the other person by reason of the act performed. See Fidelity & Cas. Co. of N.Y. v. L.F.E., Corp., 382 So.2d 363 (Fla. 2d DCA 1980).
Second, appellant argues that he cannot be held liable for assisting appellee with her divorce because he used and she signed a nonlawyer disclosure form that essentially complies with our supreme court approved Florida Family Law Form 12.900. Appellant argues that, as a nonlawyer, he is protected by that form and that, by signing it, appellee waived any right of action she might have against him. Appellant is wrong. The form used by the parties in this case specifically provides as follows:
NONLAWYERS WHO ASSIST OTHERS IN COMPLETING FORMS
If a nonlawyer will help you in completing forms in this booklet, that person must provide you a copy of the disclosure on the *331 bottom of this page before beginning. Both you and the nonlawyer helping you must sign the disclosure form. You should receive a copy to keep and the nonlawyer helping you should keep a copy. This disclaimer does not act as or constitute a waiver, disclaimer, or limitation of liability. Anyone assisting you in completing these forms also must put their name, address, and telephone number on the bottom of the last page of the form. A space is provided on each form for this purpose.
 DISCLOSURE
Frank M. Buscemi told me that he/she is not a lawyer and may not give legal advice or
represent me in court.
Frank M. Buscemi told me that he/she may only help me fill out a form approved by the
Supreme Court of Florida. Frank M. Buscemi may only help me by asking me questions to
fill in the form.
Frank M. Buscemi may also tell me how to file the form.
Frank M. Buscemi told me that he/she is not an attorney and cannot tell me what my rights
or remedies are or how to testify in court.
 x I can read English.
_____ I cannot read English but this notice was read to me by __________________
___________________.
 (language)
 ______________________________________
 Pranee Sheerajin
 ______________________________________
 Chagan Sheerajin
 ______________________________________
 Frank M. Buscemi
While the form states that appellant is not a lawyer and may not give legal advice, it does not insulate appellant where the evidence demonstrates that he did in fact give legal advice. The form further specifically provides, "[t]his disclaimer does not act as or constitute a waiver, disclaimer, or limitation of liability."
We take this opportunity to comment upon the use of these "self-help" forms. While we applaud the desire and efforts of our supreme court to make our courts more accessible to our citizens, we, nevertheless, caution those who would proceed without professional assistance to do so with great care. That very accessibility and reliance upon self-help may work to the great disadvantage of a pro se litigant. Professionals in all walks of life are by their training uniquely able and qualified to help those people who do not have the training or expertise to help themselves. Particularly, this is true in regard to the legal profession where those individuals involved in litigation have financial and property rights at issue. Trial judges should not be required or expected to give advice in order to protect pro se litigants. Even lawyers who are tempted to represent themselves are warned by the old adage that "a lawyer who represents himself has a fool as a client." A book full of suggested forms and legal definitions will likely not provide a sufficient guide to navigate the treacherous waters of what may appear to be an amicable divorce. Even our supreme court approved "Notice to Parties Who Are Not Represented By An Attorney *332 Who Is A Member In Good Standing Of The Florida Bar" concludes with the following attempted absolvement: "[i]n no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms, or instructions, be liable for any direct, indirect, or consequential damages resulting from their use."
Affirmed.
PATTERSON and WHATLEY, JJ., Concur.